IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RENEE RODRIGUEZ

    Movant,

vs.                                                                                           No. CV 18-01132 RB/JHR
                                                                                                    No. CR 15-04526 RB

UNITED STATES OF AMERICA,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDATION

This matter comes before the Court on Ms. Rodriguez' *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence* [CV Doc. 1] filed on November 29, 2018. On June 10, 2019, Senior United States District Judge Robert C. Brack referred the matter for recommended findings and final disposition to U.S. Magistrate Judge Jerry H. Ritter. [CV Doc. 3]. The essential issues raised by Ms. Rodriguez' Motion are: whether Ms. Rodriguez has demonstrated that her defense attorney's performance on her behalf was deficient; whether she has shown resulting prejudice to her defense; and, if not, whether she has shown that could present better evidence on the first two issues if she were afforded an evidentiary hearing. Upon review of the record, I propose to find that Ms. Rodriguez falls short on each required showing and recommend, after consideration of the parties' objections if any, that the Court deny Ms. Rodriguez' Motion.

    I.        **FACTUAL AND PROCEDURAL BACKGROUND**

On September 23, 2015, Ms. Rodriguez and co-defendant Joseph Vallejos were charged with distribution of methamphetamine in violation of 21 U.S.C. § 841 (2012), conspiracy in violation of 21 U.S.C. § 846 (2012) and carrying a firearm during and in relation to a drug

trafficking crime in violation of 18 U.S.C. § 924 (2012). [CR Doc. 1].

On December 17, 2015, Ms. Rodriguez was indicted for: seven counts of distribution of a controlled substance and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 (2012); one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846; and one count of brandishing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924. [CR Doc. 40]. Attorney Mario Carreon was appointed to represent Ms. Rodriguez. [CR Doc. 5].

On August 12, 2016, represented by Mr. Carreon, Ms. Rodriguez pleaded guilty to two counts of distribution of a controlled substance and aiding and abetting and one count of carrying a firearm during and in relation to a drug trafficking crime. [CR Doc. 87, p. 2]. She was sentenced to 63 months imprisonment and ordered to pay a fine and to forfeit the proceeds of the crimes at issue. [CR Doc. 109].

Ms. Rodriguez filed the instant *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence* on November 29, 2018, seeking to have her guilty plea and subsequent sentence of imprisonment vacated, claiming that she received ineffective assistance of counsel at various stages of her criminal proceedings. [CV Doc. 1, pp. 15-24].

II.  **LEGAL STANDARD**

A. **Standard of Review Under 28 U.S.C. § 2255**

28 U.S.C. § 2255 (2012) provides that prisoners in federal custody may challenge their sentences if: (1) the sentence was imposed in violation of the United States Constitution or federal law; (2) the sentencing court had no jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized sentence; or (4) the sentence is otherwise subject to collateral review. § 2255(a). Relief is available under Section 2255 only if "the claimed error constituted a fundamental

defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation marks and citation omitted). The Court must presume "that the proceedings leading to the conviction were correct," and the burden is on the movant to demonstrate otherwise. *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989).

The Court must hold an evidentiary hearing unless the motion, files, and records conclusively show that the prisoner is not entitled to relief. *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995).

### III.   ANALYSIS

#### A.   Ms. Rodriguez Has Not Demonstrated That She is Entitled to Relief Under 28 U.S.C. § 2255

Ms. Rodriguez claims that she received ineffective assistance of counsel during the pretrial, plea negotiation, and sentencing stages of her criminal proceedings. [CV Doc. 1, pp. 17-23]. The Sixth Amendment to the United States Constitution guarantees Ms. Rodriguez the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). To succeed on a claim of ineffective assistance of counsel, Ms. Rodriguez must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense. *Id.* at 687-88.

##### 1.   Ms. Rodriguez Has Not Made a Sufficient Showing That Her Counsel's Performance Was Deficient

Here, Ms. Rodriguez claims that her counsel provided ineffective assistance during pretrial proceedings, plea negotiations, and sentencing. [CV Doc. 1, pp. 17-18, 20-21]. Under the first prong of the *Strickland* test Ms. Rodriguez must demonstrate that counsel's performance was deficient. *Strickland*, 466 U.S. at 687-88. The appropriate standard for attorney performance is that of reasonably effective assistance; the petitioner must demonstrate that counsel's

representation, considering all the circumstances, fell below an objective standard of reasonableness based on prevailing professional norms. *Id.* For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong. *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997). In applying this test, the Court must give considerable deference to counsel's strategic decisions, recognizing that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 690.

### a. During the Pretrial Proceedings

Ms. Rodriguez alleges that her counsel was ineffective in failing to adequately investigate and obtain evidence related to her lack of education, mental, physical, and emotional health, drug dependence, and personal history, which would have been beneficial her in the plea and sentencing stages of her case. [CV Doc. 1, p. 17]. However, Ms. Rodriguez does not identify what such evidence an adequate investigation would have revealed, or how it would have affected the plea or sentencing phases of the proceedings.

### b. During Plea Negotiations

Ms. Rodriguez alleges that her counsel was ineffective in "giving up" her right to appeal, failing to properly explore the impact of her mental health and drug abuse issues on her behavior prior to her arrest, and failing "to fulfill the obligation of an aggressive counsel during the entire plea negotiation process." [CV Doc. 1, pp. 18-19]. However, Ms. Rodriguez does not explain why it was unreasonable under the circumstances to negotiate regarding her right to appeal as part of the Plea Agreement. [CR Doc. 87]. Nor does she make specific allegations regarding her claim that counsel failed to aggressively represent her interests during plea negotiations. Moreover, Ms. Rodriguez' claims in this regard are belied by the record which indicates that, during the plea

colloquy, she confirmed her understanding of the terms of the Plea Agreement including the rights surrendered under the agreement, her willingness to enter into the Plea Agreement, and her satisfaction with counsel's performance. [CR Doc. 88, p. 1].

### c. During Sentencing

Ms. Rodriguez alleges that her counsel was ineffective in failing to offer mitigation evidence regarding her history of drug addiction and potential benefit from additional mental health treatment, failing to object to the Presentence Investigation Report [CR Doc. 97] (PSR), failing to arrange for an independent mental health evaluation, and failing to offer character witnesses. [CV Doc. 1, pp. 17-18, 20-21]. However, Ms. Rodriguez does not identify specific mitigation evidence or character witnesses that could have been introduced. Likewise, Ms. Rodriguez does not identify any specific grounds for objection to the PSR or for an independent mental health evaluation.

In sum, Ms. Rodriguez' allegations that counsel's performance was deficient fail because they are broad and conclusory, lacking factual support and because Ms. Rodriguez fails to articulate why counsel's representation, under the circumstances, was objectively unreasonable. *See Strickland*, 466 U.S. at 687-88.

### 2. Rodriguez Has Not Made a Sufficient Showing That Counsel's Performance Prejudiced Her Defense

Under *Strickland's* second prong, Ms. Rodriguez must show that counsel's errors prejudiced her, which requires showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. *See id.* at 693; *see also Harrington v. Richter*, 562 U.S. 86, 112 (2011) ("The

likelihood of a different result must be substantial, not just conceivable.").

In the context of a plea agreement, Ms. Rodriguez must show that the outcome of the plea process would have been different, *i.e.* that she would have received a more favorable sentence. *See Missouri v. Frye*, 566 U.S. 134, 148 (2012) (holding that where a plea offer has lapsed or been rejected due to ineffective assistance, defendant must show the end result would have been more favorable); *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) ("In the context of pleas, a defendant must show the outcome of the plea process would have been different with competent advice.").

Ms. Rodriguez' sole contentions regarding prejudice are that counsel's alleged errors deprived her "of future evidence that would have shown the diminished capacity of her mental state" [Doc. 1, p. 9], and "rendered any resulting strategy unreasonable at sentencing" [Doc. 1, p. 6]. However, Ms. Rodriguez does not demonstrate or even articulate how counsel's alleged errors undermine confidence in the outcome of the plea proceedings or that she would have received a more favorable sentence but for the alleged errors. Consequently, Ms. Rodriguez cannot show that counsel's alleged errors were prejudicial. *See Strickland*, 466 U.S. at 693.

### 3. Rodriguez Has Not Made a Sufficient Showing That an Evidentiary Hearing Should be Afforded to Enable Her to Present Additional Evidence

I have considered whether an evidentiary hearing is necessary, as instructed by Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Because the outcome of this Motion turns on matters of law and its recommended disposition requires no further factual development, I propose that no evidentiary hearing is required.

### IV. RECOMMENDATION

For the foregoing reasons, I propose that the Court find that:

1. Ms. Rodriguez' counsel's performance was objectively reasonable, and Ms. Rodriguez' defense was not prejudiced by any claimed deficiency.

2. An evidentiary hearing is not required under Rule 8(a) of the Rules Governing Section 2255 Proceedings.

Therefore, I recommend to the District Judge that the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence*, [Doc. 1], be DENIED, and that a certificate of appealability be DENIED.

```
_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE
```

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**